UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JEFFERY S. BLACKSHEAR,

      Petitioner,

v.                                        CASE NO. 8:07-CV-1831-T-27MAP

JAMES R. McDONOUGH,

      Respondent.
_____/

## ORDER

**THIS CAUSE IS BEFORE** the Court on Petitioner's 28 U.S.C. § 2254 petition for writ of habeas corpus (hereinafter "petition") (Dkt. 1). Petitioner challenges his 2001 conviction for aggravated battery entered by the Circuit Court for the Sixth Judicial Circuit, Pinellas County, Florida. The Respondent's response (Dkt. 8), supported by numerous exhibits, contends that the petition is time-barred.[1] In his reply to the response (Dkt. 13), Petitioner states "Petitioner is not time-barred..." (Id. at p. 1). However, he does not explain why his petition is not time-barred,. Rather, he argues that "jurisdictional claims cannot be procedurally defaulted." (Id. at p. 3; 10; 17). Upon consideration, it is apparent that Petitioner's § 2254 petition is time barred and subject to dismissal.

The Anti-Terrorism and Effective Death Penalty Act ("AEDPA") created a limitations period for petitions for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. "A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of . . . the date on

---

[1] Respondent also asserts that Petitioner's claims are procedurally barred and fail to raise issues of federal constitutional magnitude.

1

which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. . . ." 28 U.S.C. § 2244(d)(1)(A). Additionally, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

## Procedural history

Petitioner was convicted of aggravated battery and sentenced to thirty years in prison (Dkt. 10, Ex. 54, Vol. I at 110-13). The state appellate court affirmed on November 27, 2002 (Dkt. 10, Ex. 3). Therefore, Petitioner's conviction was final for federal statute of limitation purposes on February 25, 2003, 90 days after his conviction was affirmed. *See Bond v. Moore*, 309 F.3d 770 (11th Cir. 2002) (finding that "the limitations period did not begin to run until the 90-day window during which [the § 2254 petitioner] could have petitioned the United States Supreme Court for a writ of certiorari expired."). Before his conviction became final and thereafter, Petitioner filed a series of overlapping post conviction motions in state court.

On February 10, 2003, Petitioner filed a motion to correct illegal sentence pursuant to Fla. R. Crim. P. Rule 3.800(a) (Dkt. 10, Ex. 5). On February 25, 2003, the state trial court denied Petitioner's Rule 3.800(a) motion (Dkt. 10, Ex. 6). Petitioner did not appeal the denial. On March 7, 2003, Petitioner filed a motion for post-conviction relief pursuant to Fla. R. Crim. P. Rule 3.850 (Dkt. 10, Ex. 15). The state trial court denied the motion (Dkt. 10, Exs. 16-17), and the appellate court affirmed (Dkt. 10, Ex. 18). The appellate court's mandate issued on October 25, 2004 (Dkt. 10, Ex. 19).

While Petitioner's 3.850 motion was pending, Petitioner filed a second Rule 3.800(a) motion to correct illegal sentence on November 26, 2003 (Dkt. 10, Ex. 8). The state trial court denied the

motion (Dkt. 10, Ex. 12), and the appellate court affirmed (Dkt. 10, Ex. 13). The appellate court's mandate issued on October 25, 2004 (Dkt. 10, Ex. 14). On April 2, 2004, Petitioner filed a Petition for Writ of Habeas Corpus in the Second District Court of Appeal (Dkt. 10, Ex. 20). The petition was denied on September 23, 2004 (Dkt. 10, Ex. 23).

On September 23, 2004, Petitioner filed a third 3.800(a) motion to correct illegal sentence (Dkt. 10, Ex. 24). The state trial court denied the motion (Dkt. 10, Ex. 25), and the appellate court affirmed (Dkt. 10, Ex. 26). The appellate court's mandate issued on July 1, 2005 (Dkt. 10, Ex. 27). On January 4, 2005, Petitioner filed his "Motion for Relief from Judgment and Sentence." (Dkt. 10, Ex. 28). The state trial court treated that motion as a Rule 3.850 motion for post-conviction relief, and denied the motion on January 24, 2005 (Dkt. 10, Ex. 29). The appellate court affirmed (Dkt. 10, Ex. 30) and issued its mandate on September 27, 2005 (Dkt. 10, Ex. 31).

On January 31, 2005, Petitioner filed an Emergency Petition for Writ of Habeas Corpus in Florida's Fifth Judicial Circuit Court (Dkt. 10, Ex. 32). Petitioner conceded that the Fifth Judicial Circuit did not have jurisdiction. His petition was accordingly denied (Dkt. 10, Ex. 33), and the appellate court affirmed (Dkt. 10, Ex. 36). The appellate court's mandate issued on July 15, 2005 (Dkt. 10, Ex. 37).

On April 26, 2005, Petitioner filed a Petition for Writ of Habeas Corpus in the state trial court (Dkt. 10, Ex. 38). The petition was denied (Dkt. 10, Ex. 39), and the appellate court affirmed (Dkt. 10, Ex. 40). The appellate court's mandate issued on January 25, 2006 (Dkt. 10, Ex. 43). On June 9, 2005, Petitioner filed a fourth 3.800(a) motion to correct illegal sentence (Dkt. 10, Ex. 44). The motion was denied (Dkt. 10, Ex. 45), and the appellate court affirmed (Dkt. 10, Ex. 46). The appellate court's mandate issued on April 7, 2006 (Dkt. 10, Ex. 46).

### Tolling of one year limitation period

By virtue of the various state court post conviction petitions and motions Petition filed, the AEDPA limitation period was tolled through April 7, 2006. The one-year limitation period began to run on April 8, 2006. Accordingly, Petitioner had until April 7, 2007, to file his federal habeas petition absent another properly filed tolling motion.

On May 24, 2006, before the one year limitation period began to run, Petitioner filed a "Motion to Vacate and Set Aside Judgement & Sentence/Habeas Corpus" in state court (Dkt. 10, Ex. 48). That motion did not, however, toll the one year limitation period. Since Petitioner attacked the validity of his conviction in that motion, the state court construed Petitioner's "motion" as a Rule 3.850 motion for post-conviction relief and dismissed it as untimely and successive (Dkt. 10, Ex. 49). The appellate court per curiam affirmed the dismissal (Dkt. 10, Ex. 50).

A motion for post-conviction relief tolls the one-year limitation period under AEDPA only if the motion is properly filed. 28 U.S.C. § 2244(d)(2). A motion is "properly filed" if its "delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000). As determined by the state court, Petitioner's May 24, 2006 Rule 3.850 motion was untimely and successive under state law and procedure. Accordingly, the limitation period was not tolled while that motion was pending. *See Sweet v. Sec'y, Dep't of Corr.*, 467 F.3d 1311, 1318 (11th Cir. Fla. 2006)(an untimely state post-conviction motion is not "properly filed" and does not toll the one-year federal limitation period).

### Expiration of one year limitation period

Petitioner's one year limitation period expired on April 7, 2007. He signed his federal petition for writ of habeas corpus on October 4, 2007 (Dkt. 1 at 17). Therefore, Petitioner filed his petition approximately six months late. Section 2244(d) permits equitable tolling when a petitioner

untimely files because of extraordinary circumstances that are both beyond his control and unavoidable with diligence. *Steed v. Head*, 219 F.3d 1298 (11th Cir. 2000); *Sandvik v. United States*, 177 F.3d 1269, 1271 (11 th Cir. 1999). Because it is "an extraordinary remedy," *Steed*, 219 F.3d at 1300, equitable tolling has been permitted by federal courts "only sparingly." *Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 96 (1990). The burden of establishing entitlement to this extraordinary remedy rests with the petitioner. *Drew v. Department of Corrections*, 297 F.3d 1278, 1286 (11th Cir. 2002).

### Equitable tolling does not apply

Petitioner does not argue that he is entitled to equitable tolling and not demonstrated any exceptional circumstances that would entitle him to equitable tolling. In his reply, Petitioner essentially argues that a claim of lack of jurisdiction can be raised at any time and therefore the one year limitation period of the AEDPA does not apply to his federal petition. Petitioner's argument is without merit.

Initially, Petitioner's argument is applicable only to Ground One of his § 2254 petition, in which he contends that the state court lacked subject matter jurisdiction. The other grounds raised in his federal petition do not relate to the state court's subject matter jurisdiction and are unquestionably time barred. Petitioner proffers no cause and prejudice for his failure to file a timely federal § 2254 petition as to those claims.

Further, to the extent Petitioner contends that he need not establish cause and prejudice for failing to present a timely claim that the state court lacked subject matter jurisdiction (Ground One) that contention is not persuasive. Petitioner mistakenly relies on cases discussing a federal court's obligation to consider whether it has Article III subject matter jurisdiction. With respect to *federal* post conviction proceedings, "[B]ecause jurisdictional claims may not be defaulted, a defendant need

5

not show "cause" to justify his failure to raise such a claim." *Harris v. United States*, 149 F.3d 1304, 1308 (11th Cir. 1998). A federal court is obligated to raise questions concerning its *own* subject matter jurisdiction sua sponte in all cases. *Boone v. Sec'y, Dep't of Corr.*, 377 F.3d 1315, 1316 (11th Cir. 2004); *Harris v. United States*, supra. However, there is no exception under AEDPA's statute of limitation for a § 2254 claim that the state court lacked subject matter jurisdiction. *See Johnson v. Jones* 2006 WL 2092601, 2 (M.D.Ala.,2006); *Griffin v. Padula*, 518 F. Supp. 2d 671, 677 (D.S.C. 2007); *Carpenter v. Motley*, 2007 U.S. Dist. LEXIS 93194, 10-11 (W.D. Ky. Dec. 18, 2007)("AEDPA does not extend the time limit for raising state jurisdictional claims").

Petitioner has not shown any extraordinary circumstances that prevented him from filing his federal petition within the one-year time limit. Therefore, Petitioner's petition is untimely, and he is not entitled to equitable tolling.

Even if not time barred, Petitioner's contention that the state court did not have subject matter jurisdiction is a matter of state law and procedure, not federal constitutional law. Further, this claim has no substantive merit under Florida law.

Petitioner was charged by Information with the crime of aggravated battery. Petitioner contends that the Information in his case did not charge the crime of aggravated battery because it did not allege "great" bodily harm. Petitioner further contends that the State's amendment of the Information which added the adjective "great" was improper. Petitioner is wrong on both issues.

Florida Statute § 784.045, "**Aggravated battery**" provides:

> (1)(a) A person commits aggravated battery who, in committing battery:
>
> > 1. Intentionally or knowingly causes great bodily harm, permanent disability, or permanent disfigurement; or
> >
> > 2. Uses a deadly weapon.

The State was therefore required to prove that Petitioner either used a deadly weapon, a knife, or that he intentionally caused great bodily harm to the victim. *See C.A.C. v. State*, 771 So.2d 1261, 1262 (Fla. 2d DCA 2000). In Florida, a battery becomes an aggravated battery when a person knowingly or intentionally "causes great bodily harm" or "[u]ses a deadly weapon." *McCormick v. City of Fort Lauderdale*, 333 F.3d 1234, 1239, n. 5 (11th Cir. 2003). A pocketknife qualifies as a "deadly weapon" under the aggravated battery statute. *Martin v. State*, 747 So.2d 474, 474 (Fla. 5th DCA 1999). Before the amendment, the Information expressly referenced § 784.045 and alleged that Petitioner, "by the use of a deadly weapon, to-wit, a knife, did knowingly and intentionally cause bodily harm" to the victim, "by stabbing." The Information therefore sufficiently alleged the offense of aggravated battery and the state court had subject matter jurisdiction.

After the amendment, the Information charged the alternative element of aggravated battery, the intentional infliction of "great bodily harm." The amendment Petitioner complains of neither added a new charge nor a substantive element of the offense, merely an alternative element. In Florida, an Information may be amended, even during trial, so long as the defendant is not prejudiced. *Rivera v. State*, 745 So.2d 343, 345 (Fla. 4th DCA 1999)("Nevertheless, it is well-settled that the state may amend its information during trial, either as to substantive or non-substantive matters, unless the defendant is prejudiced thereby.")(citing *State v. Anderson*, 537 So.2d 1373 (Fla.1989) and *Lackos v. State*, 339 So.2d 217 (Fla.1976).

Petitioner essentially claims that before the amendment, the Information was jurisdictionally deficient under Florida law because it did not allege an essential element and that the State's oral amendment on the day of trial was improper. Whether the Information, before or after its amendment, satisfied state law is a question of state law, not subject to federal review. *Cabberiza v. Moore*, 217 F.3d 1329, 1333 (11th Cir. 2000). Petitioner raised this claim for the first time in his

state court habeas petition filed on April 26, 2005 (Dkt. 9, Exh. 38).[2] The state trial court dismissed that claim because it could have been raised on direct appeal (Dkt. 9, Exh. 39). The state appellate court affirmed, citing *Lareau v. State,* 573 So.2d 813 (Fla. 1991) and *DuBoise v. State,* 520 So.2d 260 (Fla. 1988) (Dkt. 9, Exh. 40).

The state trial court's dismissal of this claim because it had not been raised on direct appeal was consistent with Florida law. In Florida, issues which could have been raised on direct appeal, but were not, are not cognizable on collateral review. *Harvey v. Dugger,* 665 So.2d 1253, 1256 (Fla. 1995); *Harmon v. Barton,* 894 F.2d 1268, 1270 (11th Cir.), *cert. denied,* 111 S. Ct. 96 (1990); *Sullivan v. Wainwright,* 695 F.2d 1306, 1310 (11th Cir.), *cert. denied,* 464 U.S. 922 (1983). Application of this state procedural bar precludes federal review. *Baldwin v. Jackson,* 152 F.3d 1304, 1317 (11th Cir. 1998).[3]

Moreover, the state appellate court's citation to controlling state case law evidences that the oral amendment of the Information, even if it occurred after the verdict was returned, was not improper under Florida law. A state court's interpretation of state rules and procedure does not raise a federal constitutional issue. See *Estelle v. McGuire,* 502 U.S. 62, 67 (1991)("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions.").

Finally, each of the four grounds Petitioner raises in his § 2254 petition were found to be procedurally defaulted by the state court. Grounds One, Two and Four were dismissed by the state court because they could have been but were not raised on direct appeal (Dkt. 9, Exhs. 16, 29, 39).

---

[2] The state trial court referenced a May 2, 2005 filing date (Dkt. 9, Exh. 38).

[3] Federal courts are precluded from addressing claims that have been held to be procedurally defaulted under state law. *See Coleman v. Thompson,* 501 U.S. 722, 729 (1991); *Franklin v. Hightower,* 215 F.3d 1196, 1198 (11th Cir.2000)

Ground Three was dismissed by the state court because it was raised in an untimely and successive Rule 3.850 motion (Dkt. 9, Exh. 49). Each of these state trial court determinations was affirmed by the appellate court. The dismissals of these claims because either they had not been raised on direct appeal or were included in an untimely and successive post conviction motion constitute state court applications of state procedural bars precluding federal review. *Baldwin v. Jackson, supra.*

For the foregoing reasons, it is **ORDERED**:

1. Petitioner's petition for writ of habeas corpus (Dkt. 1) is **DISMISSED** as time-barred.

2. The Clerk is directed to enter judgment against Petitioner, terminate all pending motions, and close this case.

**DONE AND ORDERED** in Tampa, Florida, on this 4th day of June, 2008.

JAMES D. WHITTEMORE
United States District Judge


Copy to: Petitioner *pro se*
Counsel of Record